IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS VUITTON MALLETIER, S.A.,     No. 2:07-CV-2732-JAM-DAD

       Plaintiff,      <u>ORDER GRANTING MOTION TO</u>
<u>DISMISS AND SET ASIDE ENTRY OF</u>
<u>DEFAULT</u>

   v.

MELISSA E. PIERCE, et al.,

       Defendants.
_____/

Louis Vuitton Malletier, S.A. ("LVM") brought this action against Melissa E. Pierce, Netfirms, Inc. ("Netfirms"), and James Elliot for trademark and copyright infringement. On May 29, 2008 a default was entered as to Netfirms. Docket at 15. On July 14, 2008 the Court entered a Consent Decree and Permanent Injunction dismissing with prejudice the claims against all defendants except for Netfirms. Docket at 17. Netfirms now brings a Motion to Dismiss and to Set Aside

Default.  LVM opposes.  For the reasons stated below, Netfirms'

motion is GRANTED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

LVM manufactures and distributes handbags, luggage, and

other accessories bearing its trademarked designs and logos.

Cmpl. ¶ 9.  On December 18, 2007, LVM brought an action against

Melissa Pierce, Netfirms, and James Elliot for trademark and

copyright infringement.  LVM alleged that Pierce and Elliot,

doing business as Cozy Critter, unlawfully sold merchandise

bearing LVM's trademarks.  Id. ¶ 5.  LVM also alleged that

Netfirms infringed on LVM's trademarks and copyrights by hosting

the Cozy Critter website, www.cozycritter.com, thus enabling

Cozy Critter to market their infringing merchandise.  Id. ¶ 35.

LVM resolved their claims against Pierce and Elliot on July 14,

2008.  Docket at 17.

Netfirms is a Canadian company headquartered in Ontario,

Canada.  Compl. ¶ 28.  On December 20, 2007, LVM sent the

Summons and Complaint via certified mail to "Netfirms, Inc." at

an address in Buffalo, New York.  Docket at 13.  On the Return

of Service, LVM indicated that their manner of service was in

compliance with California Code of Civil Procedure § 415.40.

Id.  LVM received a return receipt indicating that the summons

---

[1] This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).

had been signed for by Steven Van Knapp on December 22, 2007.
Id.  On the return receipt, Van Knapp indicated that he was an
agent of Netfirms.  Id.

Netfirms alleges that the Buffalo address is actually the
location of a UPS store.  Shan Decl. ¶ 12.  The UPS store
collects Netfirms' mail, bundles it, and sends it to Netfirms'
location in Toronto, Canada approximately two times a month.
Id.  Steven Van Knapp ("Van Knapp"), the person who signed the
return receipt for the summons, is not an employee of Netfirms.
Id. ¶ 13.  Netfirms maintains a UPS Store drop box for the
convenience of its customers located in the United States.  Id.
Netfirms does not maintain any operations or employees in the
United States.  Id. ¶ 12

On March 20, 2008, LVM mailed its First Amended Complaint
to Netfirms, again at the Buffalo address.  Docket at 14.  On
May 29, 2008, the Court entered a default against Netfirms for
having failed to appear, plead, or answer the Complaint within
the allotted time.  Docket at 15.  On July 17, 2008, Netfirms
brought its Motion to Dismiss and Set Aside Default.  Docket at
19.

OPINION

A court may not exercise personal jurisdiction over a party
who has not been properly served.  SEC v. Ross, 504 F.3d 1130,
1138 (9th Cir. 2007) ("in the absence of proper service of

3

process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."). "Plaintiff bears the burden of establishing the validity of service." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1242 (E.D. Cal. 2005).

Netfirms is a foreign company organized under the laws of Ontario, Canada. Shan Decl. ¶ 10. Foreign corporations may be served in a judicial district of the United States or in their own countries. To serve a foreign corporation in a judicial district in the United States, a party must either: (1) follow state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made (2) deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed.R.Civ.P 4. To serve a corporation in Canada, a party would be bound by the procedures mandated by the Hague Convention. See Fed.R.Civ.P 4(f)(1); see also Sibley v. Alcan, Inc., 400 F.Supp.2d 1051, 1055 (N.D. Ohio 2005) (Canada is a signatory to Hague Convention). LVM concedes that it did not serve Netfirms

according to the Hague Convention.   Opp. to Mot. to Dismiss 2.

Thus, this Court need only consider whether LVM served Netfirms

in accordance with state or federal law.

Service was not proper under state law.   On the Return of

Service form filed with this Court, LVM indicated that its

service was in compliance with California Code of Civil

Procedure § 415.40.   California Code of Civil Procedure § 415.40

states:

> A summons may be served on a person outside this state in
> any manner provided by this article or by sending a copy of
> the summons and of the complaint to the person to be served
> by first-class mail, postage prepaid, requiring a return
> receipt.

However, when serving a corporation, a party must also comply

with California Code of Civil Procedure § 416.10, which states

that a party may deliver a copy of the summons and complaint to:

> the president, chief executive officer, or other head of
> the corporation, a vice president, a secretary or assistant
> secretary, a treasurer or assistant treasurer, a controller
> or chief financial officer, a general manager, or a person
> authorized by the corporation to receive service of
> process.

See Dill v. Berquist Constr. Co., 24 Cal.App.4th 1426, 1435

(1994).   Because LVM did not address the summons to one of the

individuals specified in the California Code of Civil Procedure,

service was ineffective.   LVM argues that Van Knapp, the clerk

at the UPS Store who signed the return receipt, should be

considered "a person authorized by the corporation to receive

service of process."  LVM has provided no basis from which to determine that Netfirms, by renting a mailbox, granted the UPS clerk authority to receive service of process for the corporation.  See Dill, 24 Cal.App.4th at 1438 n.2 ("the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process.").  LVM's service of process did not comply with California law.[2]

Similarly, LVM did not comply with the federal rules for service of process.  Rule 4(h)(1)(B) requires that service on a corporation be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."  Again, LVM failed to deliver the summons and complaint to any officer or agent of Netfirms.

---

[2]  LVM does not argue that it served Netfirms under New York law, the state where service was made, as permitted by Rule 4(e)(1).  Nevertheless, because New York law requires that service on a corporation be delivered to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," NY CLS CPLR § 311, or the New York secretary of state, NY CLS Bus Corp §§ 306-7, LVM did not comply with New York law in serving Netfirms.

Thus, LVM's service of process does not comply with the federal rules.

LVM argues that its service on Netfirms was proper because Netfirms received actual notice of the action and because LVM substantially complied with federal and state rules. "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." Ross, 504 F.3d at 1140.  Courts have found that failure to address service of process to an individual when serving a corporation does not constitute substantial compliance. See Dill, 24 Cal. App. 4th at 1439 n.12 ("[N]otice is particularly essential with respect to a corporate defendant, which can only be served through an individual person.  Since [plaintiff] utterly failed to direct the summons toward any such individual, he cannot be held to have substantially complied with the statutory scheme."); see also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (finding substantial compliance under Rule 4 when service was on "a representative so integrated with the organization that he will know what to do with the papers.").

LVM also argues that because Netfirms' attorneys contacted them as a result of their attempted service, its service of process substantially complied with state and federal rules.

However, LVM has failed to provide evidence establishing actual delivery on the individuals to be served.  <u>See</u> <u>Dill</u>, 24 Cal.App.4th at 1439 ("[E]ven if the attorney had expressly admitted receipt by someone, the mere fact that some employee of the corporation received the summons does not necessarily establish substantial compliance.  Rather, there must be evidence 'establishing actual delivery to the person to be served.'") (citing Cal. Code Civ. Proc. § 417.20(a)). Accordingly, LVM's service of process on Netfirms did not substantially comply with state or federal rules.

     Because there was deficient service of process, both parties agree that the default judgment must be set aside due to lack of personal jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Brockmeyer v. May</u>, 383 F.3d 798, 809 (9th Cir. 2004) (default judgment set aside due to improper service of process).

//

//

//

//

//

//

//

//

ORDER

For the reasons stated above, Netfirms' Motion to Dismiss without Prejudice is GRANTED.[3]  It is further ordered that the entry of default against Netfirms be set aside.

IT IS SO ORDERED.

Dated: September 18, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[3] LVM argues in its Opposition that the Court should extend the time for service rather than dismiss the action.  Rule 4(m) states, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff has not shown good cause for failing to serve Netfirms in the manner prescribed by the Federal Rules of Civil Procedure.  Therefore, the Court refuses to grant LVM's request to extend time for service.